UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

ERNEST L. JARRETT
and ERNEST L. JARRETT, P.C.
    Plaintiffs

Case no.:

v.

DOMINIC ARCHIBALD
    Defendant
_____/

## COMPLAINT AND JURY DEMAND

NOW COME the Plaintiffs, and for good cause state as their complaint as follows:

### PARTIES, VENUE AND JURISDICTION

1. The Plaintiff, ERNEST L. JARRETT, is an attorney, duly licensed in the State of Michigan and admitted to the State Bar of Michigan. Said Plaintiff is and was at all times pertinent hereto engaged in the private practice of law, operating through the professional corporation, ERNEST L. JARRETT, P.C., Plaintiff herein. Plaintiffs' offices at all times pertinent hereto were located 65 Cadillac Square, Suite 2100, Detroit, Michigan. In 2001, Plaintiffs' offices were moved to their present location being 24800 Denso Drive, Suite 255, Southfield, Michigan.

2. Defendant Dominic Archibald was, at the outset of her relationship with the Plaintiffs a resident of the state of Florida. She has since moved at least once since then. She is currently a resident of the State of Nevada. Defendant was the mother of Nathaniel Pickett, deceased.

3. The amount in controversy exceeds $75,000.

1

4. This action is brought before this Honorable Court based upon the diversity of citizenship of the parties pursuant to 28 U. S. C. § 1332 (a) (1).

5. All events transactions or occurences underlying the formation and execution of the contract pertinent to this case occured in whole or in part in Detroit, Michigan.

6. This matter is otherwise properly before this Honorable Court.

## STATEMENT OF FACTS

7. Paragraphs 1-6 are realleged and incorporated by reference as if fully set forth herein.

8. On November 15, 2015, defendant's son, Nathanael Pickett was wrongfully shot and killed by a deputy sheriff of the San Berdardino County Sheriff's Department, San Berdardino, California.

9. On or about March 15, 2016, defendant entered into a contingent fee agreement with the Plaintiff, Ernest L. Jarrett whereby she retained him to file a wrongful death suit represent her interests and those of other next of kin of her son, Nathaneal Pickett. The contingent fee agreement called for the payment of attorney fees in an amount equal to ⅓ of the total recovery after deducting litigation costs.

10. After associating with local counsel, Plaintiff drafted and caused a complaint to be filed on behalf of the defendant and pursuant to 42 U. S. C. § 1983, and the contingent fee agreement (Exb. A).

11. The complaint was filed in the United States District Court for the Central District of California, case no. 5:16-cv-01128-AB-SP.

12. On June 30, 2016, the court granted Plaintiff's petition for permission to

practice, pro hac vice, and he became an attorney of record in the case, and he continued to be an attorney of record throughout the pendency of the action.

13. On March 6, 2018 the aforementioned case proceeded to trial, resulting in a favorable jury verdict on March 13, 2018.

14. After several post-trial motions and/or rulings of the court, the case was settled for $10,000.00 in January, 2019. However, the fact of the settlement and the amount of same were wrongfully concealed from Plaintiff by the defendant, acting in concert with other attorneys involved in the case.

15. Plaintiff is entitled fees pursuant to his fee agreement.

16. Defendant has not paid fees to which Plaintiff is entitled.

## FIRST CAUSE OF ACTION

17. Paragraphs 1-16 are realleged and incorporated by reference as if fully set forth herein.

18. Defendant has breached her contract with the Plaintiff.

19. Plaintiff is entitled to damages in the amount called for in the contingent fee agreement between the parties.

## SECOND CAUSE OF ACTION

20. Paragraphs 1-16 are realleged and incorporated by reference as if fully set forth herein.

21. Plaintiff seeks equitable relief for the unjust enrichment of the Plaintiff.

## THIRD CAUSE OF ACTION

22. Paragraphs 1-16 are realleged and incorporated by reference as if fully set

forth herein.

23. Plaintiff seeks equitable relief for the wrongful and unjust deprivation of attorney fees to which he is entitled.

## FOURTH CAUSE OF ACTION

24. Paragraphs 1-16 are realleged and incorporated by reference as if fully set forth herein.

25. Defendant conspired with or otherwise acted in concert with other attorneys to conceal the settlement, and disburse the proceeds without payment of fees to which the Plaintiff is and was rightfully entitled, in order to wrongfully deprive Plaintiff of the full benefits to which he was entitled.

## FIFTH CAUSE OF ACTION

26. Paragraphs 1-16 are realleged and incorporated by reference as if fully set forth herein.

27. Defendant breached the implied contract between the parties hereto.

## SIXTH CAUSE OF ACTION

28. Paragraphs 1-16 are realleged and incorporated by reference as if fully set forth herein.

29. Defendant intentionally inflicted emotional distress upon the Plaintiff.

30. As a direct and proximate result of the defendant's wrongful conduct and/or breaches of the contract between the parties, Plaintiff has suffered and continues to suffer:

    a) Deprivation of attorney fees and other damages resultant from defendant's breach;

b) Loss due to the inequitable actions of the defendant;
c) Emotional distress;
d) Costs;
e) Interest;
f) Attorney fees.

WHEREFORE Plaintiff prays for judgment in his favor awarding him:

a) Comprensatory damages
b) Exemplary damages
c) Punitive damages
d) Costs
e) Interest
f) Attorney fees
g) Such other and further relief as may be consistent with law or equity.

s/Ernest L. Jarrett
Ernest L. Jarrett (P29770)
In pro per
24800 Denso Dr. Suite 255
Southfield, MI 48033
(313) 964-2002 - (o)

Dated: December 2, 2024

5

**EXHIBIT A**

Aug 24 20 08:24p                                                                                         p.1

ERNEST L. JARRETT, P.C.
2156 CADILLAC TOWER BUILDING
DETROIT, MICHIGAN 48226-2859
(313) 964-2022

CONTINGENT FEE AGREEMENT

Dominic Archibald

ERNEST L. JARRETT, P.C. to represent Client(s) as legal counsel for all purposes in connection with injuries and damages arising out of an incident which occurred on November 19, 2015, in the following manner: Wrongful Death; shooting by Sheriff's Deputy; Barstow Calif. (El Rancho Motel)

1. Attorney agrees to represent Client(s) and will devote his full professional abilities to the case, and Client(s) agree to fully cooperate with Attorney. Neither party will settle the case without the other's approval. Attorney may, in his absolute discretion, withdraw at any time from the case, if after investigation, the claim does not appear reasonably recoverable to him or if there is insufficient insurance coverage.

2. Client(s) have been advised that Attorney may be employed under other fee arrangements whereby Attorney is compensated for the reasonable value of his services, such as an hourly or per diem basis. Client(s), however, has/have chosen to employ Attorney on a contingent fee basis. In accordance with the fee schedule established by the Michigan Supreme Court, in MCR 8.121, Client(s) will pay Attorney the following:

ONE THIRD (1/3) of the total amount of recovery after deducting costs and expenses. ✱

IN THE EVENT OF NO RECOVERY, CLIENT(S) SHALL OWE ATTORNEY NOTHING FOR SERVICES RENDERED, BUT SHALL REIMBURSE ATTORNEY FOR ALL COSTS AND EXPENSES ADVANCED.

3. Client(s) agree to pay all costs and expenses relating to said case (except attorney fees), including legal assistant costs and, if recovery is made, authorize Attorney to deduct his fee and such costs from any proceeds recovered. Client(s) authorize and direct Attorney to deduct from Client(s) share and to pay directly any unpaid balance due any doctor, hospital, expert, or medical creditor of Client(s).

4. CLIENT(S) AGREE THAT ATTORNEY HAS MADE NO PROMISES OR GUARANTEES REGARDING THE OUTCOME OF CLIENT(S) CLAIM.

5. Client(s) do hereby bind their heirs, executors and legal representatives to the terms and conditions set forth herein.

ERNEST L. JARRETT, P.C.

BY: _____
DATED: 3/15/16

I/We have read this contract, have received a copy of it, and agree to the terms and conditions. There are no other agreements, oral or otherwise, between Client(s) and Attorney.

✱ Client acknowledges that ELJ will have to associate with local co-counsel (California). Fees will not increase because of same.