UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST L. JARRETT
and ERNEST L. JARRETT, P.C.,

        Plaintiffs,                Case No. 2:24-cv-13223

v.                                      Hon. Brandy R. McMillion
                                           United States District Judge

DOMINIC ARCHIBALD,

        Defendant.
_____/

**OPINION AND ORDER GRANTING
MOTION TO DISMISS (ECF NO. 5)**

Plaintiff Ernest Jarrett, operating through the professional corporation Ernest L. Jarrett, P.C. (collectively, "Jarrett"), commenced this diversity action for claims of breach of contract (Count I), unjust enrichment (Count II), deprivation of attorney fees (Count III), conspiracy (Count IV), breach of implied contract (Count V), and intentional infliction of emotional distress (Count VI). ECF No. 1. Before the Court is Defendant Dominic Archibald's ("Archibald") Motion to Dismiss for failure to state a claim upon which relief can be granted. *See* ECF No. 5; Fed. R. Civ. P. 12(b)(6). The Motion has been adequately briefed so the Court will rule without a hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, Archibald's Motion to Dismiss (ECF No. 5) is **GRANTED**.

## I.

This case arises out of a wrongful death action pursued on behalf of Archibald's son, Nathanael Pickett, who was killed in 2015 by a law enforcement officer in San Bernardino County, California. *See* ECF No. 5, PageID.2; ECF No. 5-9, PageID.130. In 2016, Archibald, an Arizona resident at the time, retained Jarrett, a Michigan Attorney, as counsel to pursue legal action against the parties responsible for Pickett's death. *See* ECF No. 1, PageID.2; ECF No. 5-6, PageID.95. The full scope of their relationship was not memorialized in writing. Rather, Jarrett insists their agreement was originally an "oral [contract]" and that he began work immediately. *See* ECF No. 11, PageID.182.

As a result, Jarrett flew to California and subsequently hired attorney James Terrell ("Terrell") to act as local co-counsel. ECF No. 5-2, PageID.36-39. Later, the pair agreed to enlist the services of California attorney Sharon Brunner ("Brunner"). ECF No. 11, PageID.182; *see also* ECF No. 5, PageID.20. During this process, Jarrett and Archibald did, however, sign a one-third contingency fee agreement in the event she proceeded with a wrongful death lawsuit. ECF No. 1, PageID.2. A wrongful death suit was eventually filed, which became the basis for the present action before the Court.

In late 2016, Jarrett and Archibald's attorney-client relationship began to deteriorate, resulting in Archibald terminating Jarrett. *See* ECF 5-8, PageID.113.

However, Terrell, Brunner, and an additional attorney, Dale Galipo ("Galipo"), continued the wrongful death action on Archibald's behalf.[1]  Although he did not withdraw as counsel, Jarrett placed an attorney lien on the record for attorney fees and reimbursable cost.  *See Notice of Lien*, *Archibald v. Cnty. of San Bernardino et al.*, No. 5:16-cv-01128-AB-SP (C.D. Cal. Dec. 1, 2016), ECF No. 24.  He did not appear again on the record until after a verdict was reached, this time requesting fees pursuant to 42 U.S.C. § 1988.  *See* ECF No. 5-9, PageID.154 (ECF No. 225).

While Jarrett ultimately withdrew his motion for attorney fees in the wrongful death action, *see* ECF No. 5-10, PageID.159, he continued to file claims to recover costs he accrued during his brief representation of Archibald in the following subsequent actions:

- *Jarrett v. Terrell et al.*, C.D. Cal. (July 2019) ("*Terrell* Case").  In this case, Jarrett sued Terrell and Brunner for fees from the settlement agreement and for interference with his attorney-client relationship after Archibald fired him.  The case was originally filed in Wayne County Circuit Court, removed to this Court, and transferred to the Central District of California.  That court

---

[1] The Court notes that although Terrell, Brunner, and Galipo jointly filed a Notice of Association of Counsel (appearing on behalf of Archibald), Jarrett remained counsel of record in the case.  *See Notice of Association of Counsel*, *Archibald v. Cnty. of San Bernardino et al.*, No. 5:16-cv-01128-AB-SP (C.D. Cal. Nov. 18, 2016), ECF No. 23.  "[A] court may take judicial notice of other court proceedings without converting the motion [to dismiss] into one for summary judgment."  *See Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (alternation in original).

dismissed the claim, and the U.S. Court of Appeals for the Ninth Circuit affirmed.

- *Jarrett v. Galipo, et al.*, L.A. Super. Ct. (2021) ("*Galipo* Case"). In this case, Jarrett brought claims against Galipo for interference with the enforcement of an attorney lien through the contingency agreement he signed with Archibald. *See* ECF No. 5-5, PageID.88. The court found all of Jarrett's claims without merit and dismissed the action. ECF No. 5-5, PageID.91.

- *Jarrett v. Archibald*, Wayne Cnty. Cir. Ct., No. 22-015292-CZ (2024) ("*Archibald I*"). After the *Galipo* decision, Jarrett then returned to Wayne County Circuit Court in 2022 to recover on claims against Archibald for breach of their oral contract. ECF No. 5-8, PageID.124. In March 2024, the Honorable Catherine I. Heise held a hearing on a motion for summary disposition. The court found the claims without merit and dismissed the action. *Id.* at PageID.126.

Shortly thereafter, Jarrett filed the instant action against Archibald. This Motion followed and has now been fully briefed. *See* ECF Nos. 19, 20, 21. Having reviewed the parties' briefs, the Court finds oral argument unnecessary and will decide the Motion based on the record before it. *See* E.D. Mich. LR 7.1(f).

## II.

In reviewing a 12(b)(6) motion, the Court "accept[s] all of the complaint's factual allegations as true and determine[s] whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The

4

Court "must 'construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023) (citations and internal quotation marks omitted).

Facial plausibility requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In ruling on a Rule 12(b)(6) motion, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 694 (6th Cir. 2018).

### III.

At the outset, the Court notes that Jarrett is proceeding *pro se*, which typically requires the Court to construe pleadings liberally.[2] However, that

---

[2] This means "that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-cv-1880-JFA-JDA, 2019 WL

standard does not apply here because Jarrett is a licensed attorney in Michigan. *See* ECF No. 1, PageID.1; ECF No. 11, PageID.181. No special consideration is given to *pro se* practicing attorneys. *See, e.g.*, *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008); *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (citation omitted) ("Ordinarily, we treat the efforts of pro se applicants gently, but a pro se lawyer is entitled to no special consideration."). So, the liberal-construction standard will not apply to Jarrett in this matter.

A. **CLAIM PRECLUSION**

This Motion boils down to whether Jarrett should get another "bite at the apple" to seek recovery of fees that have been denied in several previous actions. Jarrett fails to adequately explain why this Court should disregard the judgments rendered by the other courts that have addressed the fee dispute, is some form or another. Archibald alleges that Jarrett's claims are barred by both res judicata (claim preclusion) and collateral estoppel (issue preclusion). ECF No. 5, PageID.24. For a successful claim preclusion allegation, the defendant needs to show (1) "a final judgment on the merits" in a prior action; (2) "a subsequent suit

---

978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

between the same parties or their privies"; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction. *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (citing *Montana v. United States,* 440 U.S. 147, 153 (1979)). Archibald has done just that.

Here, Jarrett has received a final judgment on the same transaction – a suit for attorney fees after his client fired him and proceeded in the case with new counsel. While he argues none of his previous actions are similar, the Court disagrees and finds that he continues to seek relief for the same thing: attorney fees from the settlement of Archibald's wrongful death case. The parties in each of the previous suits also are in privity with each other, as Jarrett has sued either one of the attorneys who did represent Archibald, or the case involves Archibald herself. *See supra* at 3-4.

And because this is a claim for unpaid fees, Jarrett should have pursued his claim against Archibald in the original wrongful death action, where he placed an attorney lien on the record. But instead, he waived that claim by failing to pursue it. *See Notice of Motion and Motion for Attorney Fees*, No. 5:16-cv-01128-AB-SP (C.D. Cal. Dec. 1, 2016), ECF No. 225; *accord Laborers Pension Trust Fund-Detroit and Vicinity v. Interior Exterior Specialist Co.*, 824 F. Supp. 2d 764, 774 (E.D. Mich. 2011) (discussing the enforceability of an attorney lien depends on

the attorney taking steps to assert and protect the lien). Jarrett believes that because he remained on the record and Archbald was the prevailing party, he is also entitled to a portion of the judgment or settlement reached in the case. Not so. Primarily because, under Michigan law, Jarrett's method of recourse for unpaid fees is either an attorney lien or a quantum merit action – neither of which he has pursued in the proper venue. *See Reynold v. Polen*, 564 N.W.2d 467, 469-70 (Mich. Ct. App. 1997); *Ambrose v. Detroit Edison Co.*, 237 N.W.2d 520, 524 (Mich. Ct. App. 1975) (collecting cases). The proper venue for him to bring those claims was in the California court, not in this Court.

Moreover, Jarrett has not provided this Court with anything to indicate the amount of his fees, let alone enough information to evaluate the efforts he undertook in the wrongful death action. Under Michigan law, the court with the most competent jurisdiction is the one familiar with the parties and the work completed in litigating the case. *See, e.g.*, *Smith v. Khouri*, 751 N.W.2d 472, 478-79 (Mich. 2008) (discussing a totality-of-the-circumstances approach to calculating attorney fees). That court is therefore better suited to award fees and costs associated with the case. And here, that court is the California court; but there, Jarrett has already waived his claim by failing to properly pursue his attorney lien.

Finally, the Court finds the same transaction to be present in each lawsuit: multiple claims for attorney fees and costs from the few months Jarrett represented Archibald. Jarrett argues the dispute arises from different transactions, but the Court finds that argument unpersuasive. He asserts that there was an oral contract for the services he initially performed for Archibald, and then a separate written contingency agreement for the wrongful death action. ECF No. 11, PageID.202. While that may be true, this matter, as do the others, still concern the same thing – the lack of payment for fees from Jarrett's brief representation of Archibald. That fact does not change. And while Jarrett also attempts to argue that the previous decisions do not reach the merits of his claim, the Court also disagrees.

In response, while Jarrett only mentions the *Archibald I* decision, every other court has addressed how Jarrett has an insufficient claim on the merits to move forward. The *Terrell* court held Jarrett did not have a cognizable claim for fees through tortious interference, breach of contract, or unjust enrichment; and that was affirmed on appeal by the Ninth Circuit. *Jarrett v. Terrell, et al.*, No. 2:19-cv-06234-MWF-GJS (C.D. Cal. Jan. 13, 2021), ECF No. 106; *Jarrett v. Terrell et al.*, No. 21-55263, at *4-*6 (9th Cir. Apr. 8, 2022). The *Galipo* court found the same in a non-appealable order for insufficiently pledging the elements of his cause of action. ECF No. 5-5, PageID.89; *see also Jarrett v. Galipo et al.*,

9

No. B321246 (Cal. Ct. App. Nov. 30,2022). And the *Archibald I* court determined that Jarrett' claims were barred by the statute of limitations. ECF No. 5-8, PageID.124-125. Despite Jarrett's argument to the contrary, even though the statute of limitations is an affirmative defense, it goes to the merits of the claim. *See Heartland Materials, Inc. v. Warren Paving, Inc.*, 819 F. App'x 323, 326 (6th Cir. 2020).

Thus, the Court finds Jarrett's claims in this action (Counts I-IV) are barred by claim preclusion. And because the claim preclusion argument holds, the Court need not address the collateral estoppel argument as it is moot.

**B.     BREACH OF CONTRACT**

Even if Jarrett's claims weren't barred, they would still fail for lack of facial plausibility. Under Michigan law "[a] party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *See Miller-Davis Co. v. Ahrens Const., Inc.*, 848 N.W. 2d 95, 104 (Mich. 2014).

Here, Jarrett alleges "[d]efendant has breached her contract with the Plaintiff" so he "is entitled to damages in the amount called for in the contingent fee agreement between the parties." *See* ECF No. 1, PageID.3. Without any additional information, this allegation amounts to nothing more than a bare-bone

10

recitation of the elements of a cause of action without anything to further assess the plausibility of the claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Thus, Jarrett's claim under Count I is dismissed with prejudice.

Furthermore, an action for breach of implied contractual duty is not recognized in Michigan. *See Taggie v. Dep't of Nat. Res.*, 276 N.W.2d 485, 487 (Mich. 1979). So, to the extent Jarrett is seeking to enforce the rights of his oral contract with Archibald that he never memorialized, this claim under Count V also fails.

### C. UNJUST ENRICHMENT

The same can be said for his unjust enrichment claim. In Michigan, unjust enrichment is defined as one party's "unjust retention of money or benefits which in justice and equity belong to another." *Tkachik v. Mandeville*, 790 N.W.2d 260, 266 (Mich. 2010) (internal quotation marks and citation omitted). To proceed on a claim of unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant. *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 904 (2006). "When successful, the court will 'imply a contract' and require the defendant to disgorge any unjustly retained benefit as restitution." *P.R.A. Co. v. Arglass Yamamura SE, LLC*, 768 F. Supp. 3d 862, 872 (E.D. Mich. 2024) (internal quotation marks and citation omitted).

11

But a party cannot recover under a theory of unjust enrichment when a transaction is governed by a valid contract. *See Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*, 32 F. Supp. 3d 824, 833 (E.D. Mich. 2014) (citing *Morris*, 729 N.W.2d at 904). Here, Jarrett seeks to recover fees from the written contingency fee agreement for a conferred benefit bestowed upon Archibald. And because Jarrett cannot pursue both a breach of contract and unjust enrichment claim for the same conduct, this claim fails as a matter of law and Count II is dismissed with prejudice.

**D.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Jarrett's claim for intentional infliction of emotional distress ("IIED") meets the same fate. In Michigan, a plaintiff has a successful IIED claim upon showing : (1) that the defendant engaged in extreme and outrageous conduct; (2) that the defendant intended to cause the plaintiff severe emotional distress or was reckless with regard to whether the plaintiff would suffer such distress; (3) that the defendant's actions actually caused emotional distress; and (4) that the emotional distress was severe. *Gilliam v. Ordiway*, 147 F. Supp. 3d 664, 669 (E.D. Mich. 2015) (citing *Melson v. Botas*, 863 N.W.2d 674, 674-75 (Mich. 2015)).

Here, Jarrett states "[the] [d]efendant intentionally inflicted emotional distress upon [p]laintiff." ECF No. 1, PageID.4. He provides nothing more for

12

the Court to discern the sufficiency of the claim at this stage. This allegation is conclusory and insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 679. Therefore, Count VI is dismissed with prejudice.

E.  **CONSPIRACY**

Finally, from what the Court can discern, Jarrett brings a claim for civil conspiracy. *See* ECF No. 1, PageID.4. "A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *See Prudential Def. Sol., Inc. v. Graham*, 498 F. Supp. 3d 928, 943 (E.D. Mich. 2020) (citing *Advoc. Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 670 N.W.2d 569, 580 (Mich. Ct. App. 2003)).

But "conspiracy claims must be pled with some degree of specificity" – not merely vague or conclusory allegations. *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009). "And a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort." *Courser v. Allard*, 969 F.3d 604, 622 (6th Cir. 2020) (citation omitted).[3] The only tort claim alleged in this matter is IIED. And because that claim fails as a matter of law, without

---

[3] Jarrett has been informed of this standard in previous actions. *See* ECF No. 5-5, PageID.91.

another actionable tort, the conspiracy claim must fail as well. Therefore, the Court dismisses Count IV with prejudice.

### IV.

Accordingly, the Court finds all of Jarrett's pleaded claims to be barred under claim preclusion. Even so, Jarrett's claims for breach of contract (Count I), unjust enrichment (Count II), deprivation of attorney fees (Count III)[4], conspiracy (Count IV), breach of implied contract (Count V), and intentional infliction of emotional distress (Count VI) all fail as a matter of law.

Therefore, the Court **GRANTS** Archibald's Motion and this case is **DISMISSED WITH PREJUDICE**.

*This is a final order that closes this case.*

**IT IS SO ORDERED.**

Dated: August 18, 2025       s/Brandy R. McMillion
   Detroit, Michigan      HON. BRANDY R. MCMILLION
                                                  United States District Judge

---

[4] "[D]eprivation of attorney fees" is not a recognized cause of action under Michigan law. *See, e.g.*, *Int'l Outdoor, Inc. v. SS Mitx, LLC*, --- N.W.3d ---, No. 359082, 2023 WL 8483989, at *10 (Mich. Ct. App. Dec. 7, 2023).